**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | 3:08-CV-531-ECR-VPC |
| Plaintiff, | |
| vs. | **Order** |
| JAMES BURNEY, an individual; KATHERINE BURNEY, an individual; LEE TROTTER, an individual; and STEPHANIE TROTTER, an individual, | |
| Defendants. | |

This is a declaratory relief action against James and Katherine Burney ("the Burneys") and Lee and Stephanie Trotter ("the Trotters"). The underlying claim between the Burneys and Trotters, currently proceeding in Nevada state court, arises from an April 2005 sale of a home located in Reno, Nevada. Before the Court is Allstate Insurance Company's ("Allstate") Motion for Summary Judgment ("P.'s MSJ") (#13) on the issue of whether Allstate is required to indemnify or defend the Burneys against the Trotters' claims.

**I. Background**

In April 2005, the Burneys sold the Trotters a home in Reno, Nevada. (P.'s MSJ, Ex. 1 (Trotter Compl.) ¶ 14 (#13-2).)  An

1 addendum to the sales agreement provided "[the Burneys] agree to
2 fix, repair, or replace any items from inspections that do not meet
3 code at the time the home was built or defects from original
4 construction of the home, broken windows, and any plumbing leaks."
5 (Id. ¶ 17.)  At issue in the underlying state claim between the
6 Burneys and Trotters is the allegedly faulty construction and
7 disrepair of the driveway and retaining walls.  (Id. ¶¶ 19-39.)  The
8 Trotters have alleged nine causes of action in their complaint filed
9 in Nevada state court on April 25, 2008: Construction Defect,
10 Violation of Nevada Revised Statute 113.130, Breach of Contract,
11 Breach of Covenant of Good Faith and Fair Dealing, Negligence,
12 Fraudulent Misrepresentation, Fraudulent Conveyance Pursuant to the
13 Uniform Fraudulent Transfers Act, Alter Ego, and Violation of
14 Contractor's License Monetary Construction Limit.  (Id. ¶¶ 43-137.)
15      At the time of the real estate sale, the Burneys were insured
16 under an Allstate Deluxe Plus Homeowner's Policy and an Allstate
17 Personal Umbrella Policy. (P.'s MSJ at 4 (#13).)  Pursuant to those
18 policies, Allstate initially retained counsel for the Burneys under
19 a reservation of rights.  (Id.)  After a coverage investigation,
20 however, Allstate determined that there was no coverage under either
21 policy because the Burneys' alleged conduct did not arise out of an
22 "occurrence," as that term was defined in the policies.  (Id.)  In
23 addition, Allstate argues a number of policy exclusions apply to
24 defeat coverage.  (Id. at 4-5).
25      Allstate filed a declaratory relief action (#1) pursuant to 28
26 U.S.C. § 2201 (Declaratory Judgment) and 28 U.S.C. § 1331
27 (Diversity) on September 30, 2008.  It requests as relief an order
28

2

from the Court declaring that Allstate is not required to indemnify or defend the Burneys for the Trotters' claims arising out of the April 2005 real estate sale.

## II. Allstate's Motion for Summary Judgment (#13)

Allstate moves for summary judgment[1] on the issue of whether Allstate owes the Burneys a duty to defend or indemnify in relation to the Trotters' claims.  Allstate argues the Burneys are not entitled to coverage because the alleged conduct did not arise out of an occurrence and there exist several policy exclusions preventing coverage applicability.  For the reasons stated below, Allstate's motion for summary judgment (#13) will be denied.

### A. Standard of Review

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable

---

[1] Allstate purports to seek summary judgment pursuant to Nevada Rule of Civil Procedure 56(c).  (P.'s MSJ at 5 (#13).)  Nevada Rule of Civil Procedure 56(c), however, does not govern the present motion.  We proceed as if Allstate had brought its motion properly under Federal Rule of Procedure 56.

3

jury to find for the nonmoving party. F<small>ED</small>. R. C<small>IV</small>. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct. 1261 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form - namely, depositions, admissions, interrogatory answers, and affidavits - only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. F<small>ED</small>. R. C<small>IV</small>. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir.

4

1999).  "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered.  Id.  Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law.  Celotex, 477 U.S. at 323.  Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole.  Id.

B. Analysis

An insurer has a duty to defend an insured "whenever it ascertains facts which give rise to the potential of liability under the policy."  United Nat'l Ins. Co. v. Frontier Ins. Co., Inc., 99 P.3d 1153, 1158 (Nev. 2004) (quoting Gray v. Zurich Ins. Co., 419 P.2d 168, 177 (Cal. 1966)).  The duty to indemnify arises when an "insured's activity and the resulting loss as damage . . . actually fall within the . . . policy's coverage."  Id. at 1157-58 (quoting Outboard Marine v. Liberty Mut. Ins., 607 N.E.2d 1204, 1221 (Ill. 1992)).  Thus, in relation to both the duty to defend and duty to indemnify, to determine whether Allstate has shown there to be no genuine issue of material fact, the Court must make a comparison between the facts (either as alleged or as proven) and the terms of the Allstate policy.

Allstate has failed to present any evidence relating to the Allstate policy.  The policy is not in our record as an attachment to the Complaint (#1), to the motion for summary judgment (#13), or

5

anywhere else.  Though Allstate has quoted from what is purported to be the terms of the policy, attorney argument is not evidence. (P.'s MSJ at 7-9, 12-16 (#13); cf. Smith v. Mack Trucks, Inc., 505 F.2d 1248, 1249 (9th Cir. 1974) (stating legal memoranda are not evidence; they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion).  In addition, Allstate offers citations to alleged facts in the Trotters' complaint against the Burneys as evidence to support its motion. (P.'s MSJ at 8, 13-16 (#13.)) Though the allegations of the complaint in the underlying litigation would be relevant to our analysis of Allstate's duty to defend, they are not determinative of Allstate's duty to indemnify.  See Frontier, 99 P.3d at 1158-59.

In light of Allstate's failure to carry its initial burden of production by submitting evidence showing the absence of any genuine issue of material fact, Defendants have no obligation to produce anything in response.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); High Tech Gays v. Defense Indus. Sec. Clearance Office, 895 F.2d 563, 574 (9th Cir. 1990).  Accordingly, Allstate's motion for summary judgment (#13) will be denied.

## IV. Conclusion

Allstate has failed to present any evidence relating to the Allstate policies at issue.  The Court is, therefore, unable make a comparison between the terms of the policies and the facts that may or may not have given rise to a duty to defend or indemnify under those policies.  Thus, summary judgment is inappropriate on this record.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Allstate's Motion for Summary Judgment (#13) is **DENIED**.

DATED: August 26, 2009.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE